IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CRUZ SANCHEZ<br>　*Plaintiff,*<br><br>VS.<br><br>HOUSING AUTHORITY OF<br>THE CITY OF SAN ANTONIO<br>　*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:19-cv-01248 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1443, Defendant, Housing Authority of The City of San Antonio ("SAHA") hereby files this Notice of Removal, and would respectfully show the Court the following:

### I.　STATEMENT OF JURISDICTION

1. SAHA is a Defendant in a lawsuit now pending in the 224th Judicial District Court of Bexar County, Texas (the "State Court"), Cause No. 2019CI18645 (the "State Court Action"). SAHA hereby removes the State Court Action to this Court. This Court has original jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1443, because this is a civil action arising under the laws of the United States and Plaintiff alleges she was deprived from a law providing for equal rights.

### II.　THE STATE COURT ACTION

2. On September 5, 2019, Plaintiff, Cruz Sanchez, filed suit against the Housing Authority of the City of San Antonio (SAHA) alleging violations of 42 U.S.C. 1983 et. seq. and 42 U.S.C. 3601 et. seq.

3. SAHA is a public housing agency (PHA) serving the City of San Antonio. As a PHA, SAHA administers the Section 8 Housing Voucher Program (HVP) subsidized by the

Department of Housing and Urban Development (HUD) pursuant to Title 24, Part 982 of the Code of Federal Regulations. The HVP is a federal program whereby low income Americans receive rental subsidies in order to afford safe and sanitary housing. *See* 24 CFR § 982.1. Plaintiff is a participant in the HVP.

4. Pursuant to HUD guidelines, Plaintiff is required to submit to an annual recertification whereby SAHA assess the participant's continued eligibility for the HVP. Plaintiff's recertification appointment was scheduled for May 6, 2018. Due to complications, the May 6th appointment was rescheduled for May 29, 2018. Plaintiff missed the May 29th appointment. On June 20, 2018, Plaintiff was sent a "Notice of Intent to Terminate Housing Assistance Payments Contract" due to her missed recertification appointment. Plaintiff requested an administrative hearing to challenge the termination of housing assistance payments. The hearing was scheduled for September 6, 2018. Plaintiff missed the hearing. Plaintiff's housing assistance contract was subsequently terminated.

5. Plaintiff eventually provided documentation to SAHA supporting her continued participation in the HVP. Upon receiving the supporting documentation, SAHA executed a new housing assistance contract with Plaintiff and began providing assistance under the HVP. However, Plaintiff demanded SAHA provide retroactive payments for the period of time after Plaintiff's housing assistance contact was terminated but before the new contract was executed. Due to HUD guidelines, Plaintiff's request for retroactive payments was denied. Plaintiff then filed the above suit against SAHA alleging violations of the disability protections of the Fair Housing Act.

## III.  **BASIS FOR REMOVAL**

6. Removal is proper because in this case because there is a federal question. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331. 28 U.S.C. § 1331 states "The district courts shall have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States." 28 U.S.C. § 1441(a) states "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

7. Moreover, 28 U.S.C. § 1443 states: "Any of the following civil actions . . . commenced in a State court may be removed by the Defendant to the district court of the United States for the district and division embracing the place where it is pending. . . . (2) For any act under color of authority derived from any law providing for equal rights[.]"

8. Plaintiff in the State Court Action seeks relief pursuant to 42 U.S.C. § 1983 et. seq. and 42 U.S.C. § 3601 et. seq. Because this is a civil action arising under the laws of the United States, the district courts of the United States have original jurisdiction. Accordingly, Defendant is entitled to remove this case to the district court of the United States pursuant to 28 U.S.C. § 1441(a). Additionally, Plaintiff in this case alleges it was deprived from a law providing her equal rights, specifically, 42 U.S.C. § 1983 et. seq. and 42 U.S.C. § 3601. Thus, removal is also proper pursuant to 28 U.S.C. § 1443.

9. Venue is proper in this District pursuant to 28 U.S.C § 1446(a) because this District and Division embrace the place in which the removed action was pending.

10. Following the filing of this Notice with this Court, written notice of the filing of same will be provided to Plaintiff's counsel, as required by law.

11. Following the filing of this Notice with this Court, a true and correct copy of this Notice will be filed with the 224th Judicial District Court of Bexar County, Texas, as required by law.

## IV. **OTHER MATTERS**

12. Attached are copies of each of the following:

    Exhibit A - Index of matters being filed;

    Exhibit B - Copy of all executed process in the state court case;

    Exhibit C - Copy of all pleadings from the state court case; and

    Exhibit D - Docket Sheet from the state court case.

13. A copy of this Notice of Removal will be timely filed with the clerk of the state court in which the action is pending.

14. This Notice of Removal has been served on all named parties to the removed case as set forth in the attached Certificate of Service.

## CONCLUSION

15. Therefore, SAHA respectfully notifies this Court that, pursuant to 28 U.S.C. §§ 1331 and 1441, it has removed the State Court Action from the State Court to this Court. Submitted with this notice of Removal are copies of all process, pleadings, and orders served upon SAHA in the State Court Action. SAHA consents to the entry of final orders of judgment by this Court.

        Respectfully submitted,

        COKINOS | YOUNG
        10999 IH 10 West, Suite 800
        San Antonio, Texas 78230
        Telephone (210) 293-8700
        Fax (210) 293-8733

By: /s/ Roland F. Gonzales
Roland F. Gonzales
SBN: 24049431
rgonzales@cokinoslaw.com
Javier T. Duran
SBN: 24012568
jduran@cokinoslaw.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

On October 21, 2019 I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal rule of Civil Procedure 5(b)(2).

*Via Email: rroman@trla.org*
Ricardo A. Roman
TEXAS RIO GRANDE LEGAL AID, INC.
1111 N. Main
San Antonio, Texas 78212
Telephone: (210) 212-3722
Fax: (210) 227-4321

*ATTORNEY FOR PLAINTIFF*

*Via Email: charlesriley@rileylawfirm.com*
Charles Riley
RILEY & RILEY
320 Lexington Ave.
San Antonio, Texas 78215
Telephone: (210) 225-7236
Fax: (210) 227-7907

*ATTORNEY FOR INTERVENOR*

/s/ Roland F. Gonzales
Roland F. Gonzales