'FILED '
9/5/2019 5:09 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Krystal Torres



## 2019CI18645

| | |
|---|---|
| **CRUZ SANCHEZ** | **IN THE DISTRICT COURT** |
| **VS.** | <u>224th</u>  **JUDICIAL DISTRICT** |
| **HOUSING AUTHORITY OF**<br>**THE CITY OF SAN ANTONIO** | **BEXAR COUNTY, TEXAS** |

### <u>PLAINTIFF'S ORIGINAL PETITION</u>

TO THE HONORABLE JUDGE OF THIS COURT:

1. Plaintiff, CRUZ SANCHEZ, files this original petition against, Defendant, the HOUSING AUTHORITY OF THE CITY OF SAN ANTONIO, and alleges as follows:

#### Discovery Control Plan

2. Pursuant to Texas Rule of Civil Procedure 190.1, Plaintiff intends to conduct discovery under Discovery Level 2. This is a suit that seeks monetary relief of less than $100, 000, including damages, courts costs, and attorneys fees. Injunctive relief may be available.

#### Parties

3. Plaintiff, CRUZ SANCHEZ, is an individual residing in Bexar County, Texas.

4. Defendant, the HOUSING AUTHORITY OF THE CITY OF SAN ANTONIO, also known as the San Antonio Housing Authority, is a Texas non profit corporation whose registered office is located in Bexar County at 818 S. Flores St., San Antonio, Texas 78204, Defendant may be served with process by serving its President and CEO, David Nisivoccia, at 818 S. Flores St., San Antonio, Texas 78204.

**EXHIBIT C**

**Jurisdiction and Venue**

5.   This court has subject matter jurisdiction over the lawsuit because the amount in controversy exceeds $500 and is within the minimum jurisdiction limits of the court. Plaintiff seeks monetary relief of less than $100,000, including damages, court costs, and attorney's fees.

6.   Venue is proper in this court because all parties are resident in Bexar County and all events made the subject of this suit occurred in Bexar County, Texas

**Facts**

7.   Plaintiff is a participant in the federally subsidized Section 8 Housing Voucher Program administered by the Defendant.   The voucher program requires annual or periodic recertification of continued eligibility for the program.   Plaintiff had a recertification appointment on May 6, 2018.   Plaintiff, and her son, arrived timely for her appointment and checked in at Defendant's electronic check in station.   After much time had passed without being called into an office for her appointment the Plaintiff checked with the receptionist only to be told she had no appointment.   The Plaintiff showed the receptionist her appointment letter and her check in stub.   The receptionist maintained her assertion that Plaintiff had no appointment that day and that her name did not show as having checked in despite the fact that Plaintiff had a check in stub in her possession.   The receptionist kept both the check in stub and the appointment letter and told the Plaintiff to go home and await a letter scheduling a new appointment.   The Plaintiff did as instructed.

**EXHIBIT C**

8.      Plaintiff never received a letter informing her of a rescheduled appointment. Plaintiff checked her mail regularly.   However, during this period of time Plaintiff's landlord was experiencing theft and/or vandalism at the community mailbox structure. Instead Plaintiff received a Notice of Intent to Terminate Housing Assistance Payments Contract, dated June 20, 2018,   alleging that Plaintiff had missed two recertification appointments—one on May 16, 2018, and one on May 29, 2018.  Plaintiff was present for the May 16, 2018, appointment but never received notice of the May 29, 2018, appointment.

9.      Plaintiff timely requested an administrative hearing to challenge the Notice of Intent to Terminate Housing Assistance Payments Contract.   The hearing was scheduled for September 6, 2018, at 3:15 p.m.   Unfortunately, Plaintiff arrived late for the hearing and a decision was entered against her in her absence.  When she did arrive she checked in with the receptionist who contacted the Hearing's Coordinator and/or Hearings Officer but was informed that she was too late to be afforded a hearing.  The Plaintiff continued to seek a hearing by asking if the matter could be scheduled for another day but that request was denied.  Plaintiff was not negligent or consciously or unconsciously indifferent to the need to appear for the scheduled hearing.  She traveled by bus that day to the housing authority as she had on prior occasions and took a bus she believed would get her to the hearing in plenty of time.  However, the bus was delayed in getting her to the housing authority because of delay at a train crossing (which Plaintiff had not experienced on prior trips) and because of heavy rains that day.  Plaintiff is disabled and cannot drive and must rely on bus service for transportation

10.     Plaintiff received a Notice of Informal Hearing Decision by document dated September 17, 2018.  The document stated that "You FAILED TO APPEAR for your

**EXHIBIT C**

Informal hearing, therefore assistance is terminated."   The document further states that there is no other appeal process available with SAHA......This Concludes the informal hearing administrative process."

11.     Nevertheless, on our about December 14, 2018, Plaintiff filed a Reasonable Accommodation Request under the fair housing laws that protect the housing rights of the disabled.   Plaintiff's request was addressed to the President and CEO of the housing authority, David Nisivoccia.  The request is dated December 14, 2018 and is entitled REQUEST TO REINSTATE VOUCHER RETROACTIVELY.    The document specifically requests the reinstatement of the Plaintiff's voucher retroactively to the date of termination and that the landlord is paid retroactively as well.  Eventually after requiring Plaintiff to provide documentation supporting her fair housing reasonable accommodation request the Defendant granted the Plaintiff a hearing.

12.     A hearing was held on May 14, 2019, and the Hearing Officer ruled that the Plaintiff could continue on the section 8 voucher program but made no ruling as to whether the landlord would be paid retroactively for the period of time after the previous hearing when the rental assistance payments were abated or terminated.  No later than June 22, 2019, Counsel for Plaintiff again brought to Defendant's attention the need for the retroactive payments to the Plaintiff's landlord.    By email communication dated August 29, 2019, Defendant formally denied Plaintiff's request that the Plaintiff's landlord be paid retroactively.   Defendant's action places Plaintiff in jeopardy of being evicted for non-payment of rent and has left Plaintiff indebted to her landlord for a period of approximately one year.

4

**EXHIBIT C**

Claims

13.    VIOLATION UNDER COLOR OF LAW OF PLAINTIFF'S RIGHTS CREATED

BY THE U.S. CONSTITUTION OR FEDERAL STATUTES.    42 U.S.C. 1983 et. seq.

Plaintiff asserts that Defendant's actions violated, under color of law, rights created

by the U. S. Constitution or federal statutes.   Specifically, asserts that Defendant violated

rights afforded to her by the Fair Housing Act as a person with a disability.

14.    VIOLATION OF THE DISABILITY PROTECTIONS OF THE FAIR HOUSING

        ACT.    42 U.S.C. 3601 et. seq.

Plaintiff asserts that Defendant's actions violate the disability protections of the Fair

Housing Act that require Defendant to make reasonable accommodations so that disabled

person may have the equal opportunity to use and enjoy a dwelling.   The reasonable

accommodation can be a change in a rule, policy, practice or service.   Here the Defendant

has failed to accommodate Plaintiff by failing to waive its policy set forth in its

Administrative Plan at 13.2.E(5): stating that "Once a HAP contract is terminated, no further

HAP may be made under that contract."    At the time Defendant granted Plaintiff a new

hearing—pursuant to her reasonable accommodation request--- and then ruled that Plaintiff

could continue  on the voucher program, the Defendant should have also waived its policy

to make no payments on terminated HAP contracts and should have made payments on the

HAP contract retroactively.

**EXHIBIT C**

15.   WRONGUL TERMINATION OF THE RENT SUBSIDY INJUNCTIVE RELIEF

SOUGHT      42 U.S.C. 1983 et, seq.

Defendant's failure to reschedule the September 6, 2018, informal hearing immediately upon request or inquiry from the Plaintiff, under the facts of this case, constitutes a substantive and procedural violation of due process.  Defendant should be ordered/enjoined to pay the HAP subsidy retroactively, or alternatively, Plaintiff should be granted judgment for the unpaid amount.

#### Prayer

16.   Plaintiff prays:

(a)   That Defendant be served with Citation and a copy this petition;

(b)   That the Court find that Defendant violated Plaintiff's rights under federal law and federal regulations by its actions in terminating Plaintiff's housing voucher subsidy and its failure to pay housing assistance payments retroactively;

(c ) That the Court find that Defendant violated Plaintiff's procedural and substantive due process rights;

(d)  That the Court award Plaintiff actual damages as alleged herein;

(d) That the Court award Plaintiff's costs; and

(e)  That the Court award Plaintiff attorney's fees.


Respectfully submitted,

# EXHIBIT C

TEXAS RIO GRANDE LEGAL AID, INC.


By: __/s/ **Ricardo A. Roman**__
RICARDO A. ROMAN
1111 N. Main
San Antonio, Texas 78212
Tel:    (210) 212-3722
 Fax:  (210) 2274321
SBN: 17222400
Email:   rroman@trla.org
ATTORNEY FOR PLAINTIFF

# EXHIBIT C



Cause Number: _____

District Court : _____

## Mary Angie Garcia
## Bexar County District Clerk

## <u>Request for Process</u>

Style: Cruz Sanchez _____   Vs. Housing Authority of The City of San Antonio _____

**Request the following process:** (Please check all that Apply)

☑ Citation ☐ Notice ☐ Temporary Restraining Order ☐ Notice of Temporary Protective Order
☐ Temporary Protective Order ☐ Precept with hearing ☐ Precept with*out* a hearing ☐ Writ of Attachment
☐ Writ of Habeas Corpus ☐ Writ of Garnishment ☐ Writ of Sequestration ☐ Capias ☐ Other: _____

**1.**

**Name:** Housing Authority of the The City of San Antonio _____

**Registered Agent/By Serving:** David Nisivoccia, President and CEO _____

**Address** 818 Flores St., San Antonio, Texas 78204 _____

**Service Type:** (Check One) ☐ *Private Process* ☐ *Sheriff* ☐ *Publication* (Check One) ☐ *Commercial Recorder* ☐ *Hart Beat* ☐ *Courthouse Door*
☐ *Certified Mail* ☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Commissioner of Insurance*

**2.**

**Name:** _____

**Registered Agent/By Serving:** _____

**Address** _____

**Service Type:** (Check One) ☐ *Private Process* ☐ *Sheriff* ☐ *Publication* (Check One) ☐ *Commercial Recorder* ☐ *Hart Beat* ☐ *Courthouse Door*
☐ *Certified Mail* ☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Commissioner of Insurance*

**3.**

**Name:** _____

**Registered Agent/By Serving:** _____

**Address** _____

**Service Type:** (Check One) ☐ *Private Process* ☐ *Sheriff* ☐ *Publication* (Check One) ☐ *Commercial Recorder* ☐ *Hart Beat* ☐ *Courthouse Door*
☐ *Certified Mail* ☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Commissioner of Insurance*

**4.**

**Name:** _____

**Registered Agent/By Serving:** _____

**Address** _____

**Service Type:** (Check One) ☐ *Private Process* ☐ *Sheriff* ☐ *Publication* (Check One) ☐ *Commercial Recorder* ☐ *Hart Beat* ☐ *Courthouse Door*
☐ *Certified Mail* ☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Commissioner of Insurance*

**Title of Document/Pleading to be Attached to Process:** Plaintiff's Original Petition _____

**Name of Attorney/Pro se:** Ricardo A. Roman _____   **Bar Number:** 17222400 _____

**Address:** 1111 N. Main Ave. _____   **Phone Number:** (210) 212-3722 _____
San Antonio, Texas 78212

**Attorney for Plaintiff** _____ X _____ **Defendant** _____ **Other** _____

***\*\*\*\*IF SERVICE IS NOT PICKED UP WITHIN 14 BUSINESS DAYS, SERVICE WILL BE DESTROYED\*\*\*\****

# EXHIBIT C

FILED
9/5/2019 5:09 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Krystal Torres

**Cause Number:**

Notice: THIS DOCUMENT CONTAINS CASE SENSITIVE DATA

## 2019CI18645

(The Clerk's office will fill the Cause Number when you file this form)

| | | | (Check one) |
|---|---|---|---|
| Plaintiff: | Cruz Sanchez | In the | x District Court |
| | | 224th | ____ County Court / Court at Law |
| | (Print first and last name of person filing the lawsuit) | (Court Number) | ____ Justice Court |
| Defendant: | Housing Authority of the City of San Antonio | Bexar | Texas |
| | (Print first and last name of person being sued) | (County) | |

## Statement of Inability to Afford Payment of
## Court Costs or an Appeal Bond

### 1. Your Information

My full legal name is:  Cruz        Sanchez        My date of birth is: 05/25/1966
                        First   Middle   Last

My address is: (Home)  7304 Hanzi Dr.,Apt C, San Antonio, TX 78223
           (Mailing)

My phone number:  Cell (210) 988-8575      My email:  n/a

About my **dependents**: "The people who depend on me financially are listed below.

| | Name | Age | Relationship to me |
|---|---|---|---|
| 1 | Angelica Cruz Sanchez | 24 | Daughter |
| 2 | Christopher Cruz Sanchez | 19 | Son |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |

### 2. Are you represented by Legal Aid?

_x_ I am being represented in this case for free by an attorney who works for a legal aid provider or who received my case through a legal aid provider. I have attached the certificate the legal aid provider gave me as "*Exhibit: Legal Aid Certificate.*"

- or -

___ I asked a legal aid provider to represent me, and the provider determined I am financially eligible for representation, but the provider could not take my case. I have attached documentation from legal aid stating this.

- or -

___ I am not represented by legal aid. I did not apply for representation by legal aid.

### 3. Do you receive public benefits?

___ I do not receive needs-based public benefits.  - or -

___ I receive these **public benefits/ government entitlements** that are based on indigency
    (Check ALL boxes that apply and attach proof to this form, such as a copy of an eligibility form or check.)

| | | |
|---|---|---|
| _X_ Food stamps/ SNAP | ___ TANF | ___ LIS in Medicare ("Extra Help") | ___ WIC |
| _X_ Public Housing or Section 8 Housing | ___ Community Care via DAD | ___ Low-Income Energy Assistance | ___ SSI |
| ___ Telephone Lifeline | ___ Child Care Assistance under Child Care and Development Block Grant | ___ Medicaid |

___ Needs- based VA Pension        ___ CHIP             ___ Emergency Assistance        ___ AABD
___ County Assistance, County Health Care, or General Assistance (GA)
___ Other: _____

## 4. What is your monthly income and income sources?  Household Income
I get this monthly income.

$ _650.00_ in monthly wages. I work as a _Daughter wages_ for new job, just started
(Your job title)

$ ____-0-_____ in monthly unemployment. I have been unemployed since _____
(date)

$___$322.00_ in public benefits per month FOODSTAMPS.

$ 771.00 Son's SSDI Check from other people in my household each month: (List only if other members contribute to your household income).

$ _____ from   Retirement / Pension    Tips/ Bonuses     Disability                    Worker's Compensation
                    Social Security         Military Housing  Dividends, interest, royalties
                    Child/ Spousal Support
                    My spouse's income or income from another member of my household (if available).
$_____ from other jobs/ sources of income. _____
(Describe)

$1,743.00   is my total monthly income.

## 5. What is the value of your property?

| My property includes: | Value* |
|---|---|
| Cash | $ -0- |
| Bank accounts, other financial assets | $ -0- |
| _____NONE_____ | $ |
| | $ |
| | $ |
| Vehicles (cars, boats) (make and year) | |
| ____none____ | $ -0- |
| | $ |
| | $ |
| Other property (like jewelry, stocks, land, another house etc.) | |
| | $ -0- |
| | $ |
| **Total value of property →** | -0- |

*The value is the amount the item would sell for less the amount you still owe on it, if anything.

## 6. What are your monthly expenses?

| My monthly expenses are: | Amount |
|---|---|
| Rent/ house payments/Maintenance | $ 308.00 |
| Food and household supplies | $ 497.00 |
| Utilities and telephone | $ 166.00 |
| Clothing and laundry | $ 80.00 |
| Medical and dental expenses | $ -0- |
| Insurance (life, health, auto, etc.) | $ -0- |
| School and child care | $ -0- |
| Transportation, auto repair, gas | $ 114.00 |
| Child/ spousal support | $ -0- |
| Wages withheld by court order | $ -0- |

Debt payments paid to: (list)

| Misc. Expenses | $ 578.00 |
|---|---|
| | $ |

**Total Monthly Expenses →** $ 1,743.00

## 7. Are there debts or other facts explaining your financial situation?

My debts include: (List debt and amount owed) _I am attempting to pay back rent due to dispute with Housing Authority_

_____

(If you want the court to consider other facts, such as unusual medical expenses, family emergencies, etc., attach another page to this form labeled "Exhibit: Additional Supporting Facts".) Check here if you attach another page. _____

## 8. Declaration
I declare under penalty of perjury that the foregoing is true and correct. I further swear:

_X__ I can not afford to pay court costs.

___ I can not furnish an appeal bond or pay cash deposit to appeal a justice court decision.

My name is:    Cruz _____  Sanchez _____    My date of birth is: _05/25/1966_
                                                                              month/day/ year

My address is   7304 Hanzi Dr.,Apt C, San Antonio, TX 78223

_____ Bexar
Street                     City           State        Zip Code              Country

Signed on _9_/5/19 in Bexar_ County,Texas

FILED
9/13/2019 4:11 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Brenda Carrillo

citpps/sac1

2019CI18645

| CRUZ SANCHEZ | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | |
| | § | |
| HOUSING AUTHORITY OF THE | § | |
| CITY OF SAN ANTONIO | § | 224TH JUDICIAL DISTRICT |
| | § | |
| V. | § | |
| | § | |
| CIELO HILLS LLC | § | |
| Intervenor. | § | BEXAR COUNTY, TEXAS |

## PLEA IN INTERVENTION

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES CIELO HILLS LLC,** hereinafter called Intervenor, and file this Plea in Intervention, and in support hereof, shows the Court the following:

### I. PARTIES AND SERVICE

1.      Intervenor Cielo Hills LLC (hereinafter, "Cielo Hills") is a Texas Limited Liability Company with its principal place of business in Bexar County, Texas.

2.      Plaintiff Cruz Sanchez has appeared in this action as an individual and may be served with notice of this Plea by sending a copy to his attorney, Ricardo A. Roman at Texas Rio Grande Legal Aid, Inc., 1111 N. Main, San Antonio, Texas 78212 pursuant to Rules 21 and 21a of the Texas Rules of Civil Procedure.

3       Defendant Housing Authority of The City of San Antonio also known as the San Antonio Housing Authority ("Defendant") is a Texas non- profit corporation and has not appeared in this action. It may be served by serving its President and CEO, David Nisivoccia at 818 S. Flores Ste., San Antonio, Texas 78204. Cielo Hills specifically invokes the right to institute this suit against Defendant by any other name

which has been used to designate it, or which she has used, including, but not limited to, "San Antonio Housing Authority" or "SAHA." Cielo Hills expressly invokes its right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or of the Court. In the event any parties are misnamed or not included herein, such event was a "misnomer," or such parties are or were "alter-egos" of parties named herein.

## II. JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over the lawsuit because the amount in controversy exceeds $500 and is within the minimum jurisdiction of the court. Intervenor seeks monetary relief of less than $100,000, including damages, court costs and attorney's fees.

5.      Venue in Bexar County, Texas is proper in this cause. All parties are residents of or domiciled in Bexar County, Texas and all events made the subject of this suit occurred in Bexar County, Texas.

## III. INTERVENOR'S CLAIMS

6       Cielo Hills has a justiciable interest in the matters in controversy in this litigation. As Plaintiff's landlord and as a party to the Housing Assistance Payments ("HAP") Contract at issue, the past due payments Plaintiff seeks from Defendant are ultimately due and owing to Intervenor Cielo Hills, LLC.

7.      The HAP Contract at issue is a valid and enforceable written contract which obligated Defendant to make payments on Plaintiff's behalf to Cielo Hills. Cielo Hills fully performed its obligations under the HAP Contract, but as set forth in Plaintiff's Original Petition which is on file and incorporated herein Defendant wrongfully

terminated the HAP Contract and even after acknowledging such wrongful termination has refused to pay the amount that are owed under the HAP contract. These actions constitute a breach of contract, which has Cielo Hills to suffer lost rental revenue damages in an amount within the jurisdictional limits of this Court.

8.     Cielo Hills is entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code Chapter 38 because its claim in intervention is for breach of a written contract. Cielo Hills presented its claim to Defendant, but Defendant did not tender the amount owed within 30 days of when the claim was presented thus necessitating the filing of Plaintiff's suit and this intervention.

9.     Alternatively, Defendant would be unjustly enriched if it was entitled to obtain a benefit from Cielo Hills via its actions in wrongfully terminating the HAP Contract at issue. Cielo Hills seeks restitution of the payments that should have been made by Defendant on Plaintiff's behalf pursuant to the wrongfully terminated HAP Contract.

10.    Defendant is responsible for the acts and misrepresentations of its agents and employees pursuant to the doctrines of respondent superior and agency.

**WHEREFORE, PREMISES CONSIDERED**, Intervenor, Cielo Hills, LLC, respectfully prays that citation issue to Defendant Housing Authority of The City of San Antonio, that the parties take notice of the filing of this Plea in Intervention, and that upon a final hearing of the cause, judgment be entered for the Intervenor and against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest from the date of intervention through the date of judgment at the maximum rate allowed by law; post-judgment interest at the legal rate;

attorney fees; costs of court; and such other and further relief to which the Intervenor may be entitled at law or in equity.

Respectfully submitted,

RILEY & RILEY
ATTORNEYS AT LAW

By: /s/ Charles Riley
   CHARLES RILEY
   SBN: 24039138
   320 Lexington Avenue
   San Antonio, Texas 78215
   (210) 225-7236 Telephone
   (210) 227-7907 Facsimile
   charlesriley@rileylawfirm.com
   Attorney for Intervenor

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2019 a true and correct copy of the above and foregoing has been served on the following counsel of record:

Ricardo A. Roman                          Via e-filing
Texas Rio Grande Legal Aid, Inc.
1111 N. Main
San Antonio, Texas 78212

/s/ Charles Riley
CHARLES RILEY

FILED
10/11/2019 4:08 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Leticia Leija

Case 5:19-cv-01248-XR   Document 1-4   Filed 10/21/19   Page 15 of 22

CAUSE NO. 2019-CI-18645

| | | |
|---|---|---|
| CRUZ SANCHEZ | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 224TH JUDICIAL DISTRICT |
| | § | |
| HOUSING AUTHORITY OF | § | |
| THE CITY OF SAN ANTONIO | § | |
| *Defendant.* | § | BEXAR COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

NOW COMES Defendant, Housing Authority of the City of San Antonio (SAHA) and files its Original Answer to Plaintiff's Original Petition and would respectfully show the following:

## GENERAL DENIAL

1.    Defendant asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure and requests that Plaintiff be required to prove such allegations by a preponderance of the evidence as required by the laws of the State of Texas.

## REQUEST FOR DISCLOSURE

2.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff is requested to disclose within 30 days of the service of this request, the information and material described in Rule 194.2.

3.    Pursuant to Rule 193.7, Defendant intends to use documents produced by Plaintiff at any hearing or at the trial on the merits of this matter.

## PRAYER

Therefore, Defendant prays that upon final hearing the Court enter a take-nothing judgment against Plaintiff and Defendant shall recover all costs of Court.  Defendant further prays for all further relief to which Defendant may be entitled.

Defendant's Original Answer (6439-007)

Respectfully submitted,

COKINOS | YOUNG
10999 IH 10 West, Suite 800
San Antonio, Texas 78230
Telephone (210) 293-8700
Fax (210) 293-8733

By:     */s/ Roland F. Gonzales*
        ROLAND F. GONZALES
        SBN:  24049431
        Email: rgonzales@cokinoslaw.com
        ALEC T. DUDLEY
        SBN:  24096694
        Email: adudley@cokinoslaw.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

     I certify that a true and correct copy of the above and foregoing has been forwarded to the following attorneys of record in accordance with the Texas Rules of Civil Procedure on the 11th day of October, 2019:

*Via Email: rroman@trla.org*     *Via Email: charlesriley@rileylawfirm.com*
Ricardo A. Roman                Charles Riley
TEXAS RIO GRANDE LEGAL AID, INC.   RILEY & RILEY
1111 N. Main                     320 Lexington Ave.
San Antonio, Texas 78212         San Antonio, Texas 78215
Telephone: (210) 212-3722        Telephone: (210) 225-7236
Fax: (210) 227-4321              Fax: (210) 227-7907

*ATTORNEY FOR PLAINTIFF*     *ATTORNEY FOR INTERVENOR*

*/s/ Roland F. Gonzales*
ROLAND F. GONZALES

Defendant's Original Answer (6439-007)

FILED
10/11/2019 4:14 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Jessica Uriegas

Case 5:19-cv-01248-XR   Document 1-4   Filed 10/21/19   Page 17 of 22

CAUSE NO. 2019-CI-18645

| | | |
|---|---|---|
| CRUZ SANCHEZ | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 224TH JUDICIAL DISTRICT |
| | § | |
| HOUSING AUTHORITY OF | § | |
| THE CITY OF SAN ANTONIO | § | |
| *Defendant.* | § | BEXAR COUNTY, TEXAS |

## **DEFENDANT'S MOTION TO STRIKE PLEA IN INTERVENTION**

NOW COMES Defendant, Housing Authority of the City of San Antonio (SAHA) and files its Motion to Strike Cielo Hills LLC's Plea in Intervention and would respectfully show the following:

### **SUMMARY**

1. Plaintiff has filed suit against SAHA for alleged violations of the disability protections of the Fair Housing Act. Plaintiff alleges SAHA failed to make reasonable efforts to accommodate her disability after she was terminated from a rental subsidy program administrated by SAHA.

2. Plaintiff's landlord, Cielo Hills, LLC (Cielo Hills) subsequently filed a Plea in Intervention alleging SAHA breached a contract between SAHA and Cielo Hills by failing to provide rent subsidies to Plaintiff despite her termination from the rental subsidy program. While Plaintiff alleges discrimination for failing to make reasonable accommodations, Cielo Hills alleges Plaintiff breached a contract.

3. A Plea in Intervention is only permitted when the putative intervenor Cielo Hills allegations are separate and distinct from Plaintiff's and are therefore wholly inappropriate for a Plea in Intervention.

## FACTUAL BACKGROUND

4.     On September 5, 2019, Plaintiff, Cruz Sanchez, filed suit against the Housing Authority of the City of San Antonio (SAHA) alleging violations of 42 U.S.C. 1983 et. seq. and 42 U.S.C. 3601 et. seq.

5.     SAHA is a public housing agency (PHA) serving the City of San Antonio.  As a PHA, SAHA administers the Section 8 Housing Voucher Program (HVP) subsidized by the Department of Housing and Urban Development (HUD) pursuant to Title 24, Part 982 of the Code of Federal Regulations.  The HVP is a federal program whereby low income Americans receive rental subsidies in order to afford safe and sanitary housing.  *See* 24 CFR § 982.1.  Plaintiff is a participant in the HVP.

6.     Pursuant to HUD guidelines, Plaintiff is required to submit to an annual recertification whereby SAHA assess the participant's continued eligibility for the HVP. Plaintiff's recertification appointment was scheduled for May 6, 2018.   Due to complications, the May 6th appointment was rescheduled for May 29, 2018.  Plaintiff missed the May 29th appointment.  On June 20, 2018, Plaintiff was sent a "Notice of Intent to Terminate Housing Assistance Payments Contract" due to her missed recertification appointment.  Plaintiff requested an administrative hearing to challenge the termination of housing assistance payments.  The hearing was scheduled for September 6, 2018. Plaintiff missed the hearing.  Plaintiff's housing assistance contract was subsequently terminated.

7.     Plaintiff eventually provided documentation to SAHA supporting her continued participation in the HVP.  Upon receiving the supporting documentation, SAHA executed a new housing assistance contract with Plaintiff and began providing assistance under the HVP.  However, Plaintiff demanded SAHA provide retroactive payments for the period of

time after Plaintiff's housing assistance contact was terminated but before the new contract was executed.  Due to HUD guidelines, Plaintiff's request for retroactive payments was denied.  Plaintiff then filed the above suit against SAHA alleging violations of the disability protections of the Fair Housing Act.

8.      On September 13, 2019, Cielo Hills filed its Plea in Intervention in the above suit. Cielo Hills is Plaintiff's landlord.  As Plaintiff's landlord, Cielo Hills alleges they have a binding contract with SAHA for payment of housing assistance.  Cielo Hills further alleges SAHA breached its contract by failing to pay Plaintiff's housing assistance after formal termination of the same.

9.      Cielo Hills does not allege SAHA violated 42 U.S.C. 1983 et. seq. and 42 U.S.C. 3601 et. seq.—which form the basis of Plaintiff's suit against SAHA.

10.    Pursuant to Texas Rule of Civil Procedure 60, SAHA moves to strike non-party Cielo Hill's Plea in Intervention as Cielo Hills is not entitled to recover from the relief sought by Plaintiff.

## ARGUMENTS & AUTHORITIES

11.    Texas Rule of Civil Procedure 60 states: "Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party."  If a party to the suit moves to strike the intervention, the putative intervenor has the burden to show a justiciable interest in the pending suit.  *In re Union Carbide Corp.,* 273 S.W.3d 152, 154-55 (Tex. 2008).  A justiciable interest does not exist merely because the putative intervenor has a claim that sounds similar to another plaintiff's claim.  *Id.*  Rather, an intervenor has a justiciable interest when "the intervenor could have brought the same action, or any part thereof, in his own name[.]"  *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990)*; see also Inter-Cont'l*

*Corp. v. Moody*, 411 S.W.2d 578, 589 (Tex. Civ. App.—Houston 1966, writ ref'd n.r.e.) ("[A] party has the right to intervene if the intervenor's interest is such that if the original action had never been commenced, and he had first brought it as sole plaintiff, he would have been entitled to recover to the extent of at least a part of the relief sought"). The trial court must deny a plea in intervention if the putative intervenor fails to prove it could have brought the same action in its own name. *In re Rogers Wealth Group, Inc.,* 02-18-00010-CV, 2018 WL 1230460, at *3 (Tex. App.—Fort Worth March 9, 2018, no pet.).

12.    Cielo Hills does not even attempt to assert it would have standing to maintain this suit in Plaintiff's absence. Plaintiff alleges SAHA violated the "disability protections of the Fair Housing Act [42 U.S.C. 3601 et. seq.] that require Defendant to make reasonable accommodation so that disabled person [sic] may have the equal opportunity to use and enjoy a dwelling."

13.    The assertions made in Cielo Hill's Plea in Intervention do not satisfy the above referenced standard set out by the Texas Supreme Court. In the absence of Plaintiff's claim, Cielo Hills would be unable to bring the same action in its own name.

14.    Cielo Hills does not claim to be a disabled person, nor does it allege it was discriminated against. Rather, Cielo Hills alleges SAHA breached a contract due to wrongful termination. Plaintiff does not allege SAHA breached a contract nor does Plaintiff challenge the validity of SAHA's policies. Rather, Plaintiff alleges SAHA was at fault for failing to make a reasonable accommodation due to Plaintiff's disability under an otherwise valid policy provision.

15.    Because Cielo Hills alleges distinct damages via an entirely separate cause of action, it may not intervene in this suit.

## **PRAYER**

Therefore, Defendant prays the Court strike Cielo Hills' Plea in Intervention and grant all further relief to which Defendant may be entitled.

Respectfully submitted,

COKINOS | YOUNG
10999 IH 10 West, Suite 800
San Antonio, Texas 78230
Telephone (210) 293-8700
Fax (210) 293-8733

By:   */s/ Roland F. Gonzales*

ROLAND F. GONZALES
SBN:  24049431
Email: rgonzales@cokinoslaw.com
ALEC T. DUDLEY
SBN:  24096694
Email: adudley@cokinoslaw.com

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the above and foregoing has been forwarded to the following attorneys of record in accordance with the Texas Rules of Civil Procedure on the 11th day of October, 2019:

***Via Email:*** **rroman@trla.org**
Ricardo A. Roman
TEXAS RIO GRANDE LEGAL AID, INC.
1111 N. Main
San Antonio, Texas 78212
Telephone: (210) 212-3722
Fax: (210) 227-4321

***ATTORNEY FOR PLAINTIFF***

***Via Email:*** **charlesriley@rileylawfirm.com**
Charles Riley
RILEY & RILEY
320 Lexington Ave.
San Antonio, Texas 78215
Telephone: (210) 225-7236
Fax: (210) 227-7907

***ATTORNEY FOR INTERVENOR***

*/s/ Roland F. Gonzales*
ROLAND F. GONZALES