IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

CRUZ SANCHEZ

V.                                             CIVIL NO. SA-19-CV-01248-XR

HOUSING AUTHORITY OF THE CITY
OF SAN ANTONIO, TEXAS

## JOINT FED. R. CIV. P. 26 REPORT

1. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.

    Response:   Plaintiff's claims arise under the Fair Housing Act. Congress has created jurisdiction in the federal district courts. *See* 42 U.S.C. § 3613(a). The Court has pendent jurisdiction over Intervenor's state law claims. See, e.g., *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130, 1138, 16 L. Ed. 2d 218 (1966).

2. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?

    Response:   There are no unserved parties.

3. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?

    Plaintiff's Response:
Plaintiff sues Defendant alleging discrimination in violation of 42 U.S.C. § 3604(f)(3)(B) and the implementing regulation, 24 CFR 100.204 (2019), which

1

makes it unlawful for anyone to refuse to make reasonable accommodation in rules, policies, practices, or services, when such accommodation may be necessary to afford a handicapped person the equal opportunity to use and enjoy a dwelling unit. The elements Plaintiff must prove are (1) Plaintiff is handicapped or disabled; (2) Plaintiff requested that Defendant grant her a reasonable accommodation in the rules, policies, practices, or services of Defendant that was necessary to afford Plaintiff an equal opportunity to use and enjoy a dwelling unit; and (3) the requested accommodation has been rejected by Defendant.

Plaintiff is also afforded a right of action under 42 U.S.C. § 1983. The elements of a section 1983 cause are (1) Defendant acted under color of law and (2) deprived Plaintiff of constitutional or statutory rights.

Plaintiff is afforded attorney fees under the alleged causes of action.

Intervenor's Response:

Intervenor claims that Defendant breached the Housing Assistance Payments ("HAP") Contract between Plaintiff, Defendant, and Intervenor by wrongfully terminating the HAP Contract and even after acknowledging such wrongful termination refusing to pay the rental amounts that are owed under the HAP contract. Plaintiffs incorporate by reference the Plaintiff's response above which details the claims of Plaintiff as to the wrongful termination of the HAP Contract.

The elements of Intervenor's breach of contract claim are "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach." *Wells v. Minnesota Life Ins. Co.*, 885 F.3d 885, 889 (5th Cir. 2018).

Alternatively, Intervenor claims that Defendant would be unjustly enriched if it was entitled to obtain a benefit from Intervenor via its actions in wrongfully terminating the HAP Contract at issue. Intervenor seeks restitution of the payments that should have been made by Defendant on Plaintiff's behalf pursuant to the wrongfully terminated HAP Contract at issue.

The elements of Intervenor's unjust enrichment claim are: (1) that valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) which services and materials were accepted by the person sought to be charged, used, and enjoyed by that person; and (4) under such circumstances as

2

reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged." *Reveille Trucking, Inc. v. Lear Corp.*, 4:14-CV-511, 2017 WL 661521, at *13 (S.D. Tex. Feb. 17, 2017)

Intervenor is afforded attorney fees under the alleged causes of action.

Defendant's Response:

1. Defendant reserves the right to add or remove defenses as facts are developed through discovery in this matter. Whether the Intervenor has stated a cause of action upon which relief from Defendant can be granted. Whether Defendant breached the HAP contract with Intervenor.
2. Whether Defendant violated 42 U.S.C. § 3604(f)(3)(B) and the implementing regulation, 24 CFR 100.204 (2019), as alleged by Plaintiff and Intervenor.
3. Whether Intervenor has standing to pursue a cause of action against Defendant for the alleged violation of 42 U.S.C. § 3604(f)(3)(B) and the implementing regulation, 24 CFR 100.204 (2019).
4. Whether Plaintiff has standing to pursue an action for an alleged breach of the HAP contract between Defendant and Intervenor, since she is neither a party nor a third-party beneficiary under Part B. of the contract.
5. Whether Plaintiff or Intervenor have a cause of action against Defendant under 42 U.S.C. Section 1983 under the facts of this case.
6. Whether Plaintiff suffered any damages as a result of the termination the HAP contract between Intervenor and Defendant.
7. Whether the alleged breach of contract between Intervenor and Defendant impaired Plaintiff's use and enjoyment of a dwelling.
8. Whether HUD regulations prohibit the payment of retroactive rent payments by Defendant.
9. Whether the payment of retroactive rent payments would impose a fundamental alteration in the nature of the Section 8 Housing Voucher Program (HVP) subsidized by the Department of Housing and Urban Development (HUD) pursuant to Title 24, Part 982 of the Code of Federal Regulations, and administered by Defendant, or would create undue financial and administrative burdens on Defendant, rendering the accommodation unreasonable.
10. Whether Plaintiff was discriminated against by Defendant under the Fair Housing Amendments Act or under 42 U.S.C. § 1983 by Defendant.

11. Whether Defendant obtained a benefit from Intervenor by way of it's actions in terminating the HAP Contract at issue.

4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

Response:

At this time, the parties can stipulate as follows. The parties believe they will be able to stipulate to additional facts as discovery proceeds.

1. Plaintiff is currently a participant in the federally subsidized Section 8 Housing Voucher Program administered by the Defendant;
2. The federally subsidized Section 8 Housing Voucher Program administered by the Defendant requires annual or periodic recertification of the participant for continued eligibility for the program;
3. Defendant informed Plaintiff that she had a recertification appointment on May 16, 2018 via letter sent to Plaintiff's apartment at Cielo Hills Apartments;
4. Plaintiff had a recertification appointment on May 16, 2018;

5. State the parties' views and proposal on all items identified in Fed. R. Civ. P. 26(f)(3).

**26(f)(3)** *Discovery Plan.* A discovery plan must state the parties' views and proposals on:
(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

Response: None; the parties have agreed to make their initial disclosures under Rule 26(a) by December 18, 2019.

(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

Response: Discovery will be needed on the facts of the case related to the elements of all of the Plaintiff's and Intervenor's claims and all of Defendant's defenses; expected to include discovery as to whether the Plaintiff was a party or third-party beneficiary to the HAP Contract between Defendant, and Intervenor;

whether Plaintiff failed to recertify for eligibility for assistance under the Housing Voucher Program; whether Plaintiff's housing assistance voucher were wrongfully terminated by Defendant; whether Plaintiff was in any way discriminated against by Defendant; whether the payment of retroactive rent payments for the period the HAP contract was terminated would constitute a reasonable accommodation or would impose a fundamental alteration in the nature of the Section 8 Housing Voucher Program (HVP) subsidized by the Department of Housing and Urban Development (HUD) pursuant to Title 24, Part 982 of the Code of Federal Regulations, and administered by Defendant, or would create undue financial and administrative burdens on Defendant, rendering the accommodation unreasonable.

**(C)** any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

Response: The parties do not anticipate any issues about electronically stored information that will require court involvement.

**(D)** any issues about claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert these claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

Response: None of which the parties are aware at the present time.

**(E)** what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;

Response: None.
 and

**(F)** any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

Response: None of which the parties are currently aware.


6. What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?

5

Response: Plaintiff has responded to the Request for Disclosures submitted by Defendant in state court. No other discovery has been completed.

Counsel for the parties will coordinate discovery and complete discovery in accordance with the Court's scheduling order.

7. What, if any, discovery disputes exist?

Response: None at this time.

8. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

Response: This does not appear to be necessary at this time.

9. Have the parties discussed mediation?

Response: Plaintiff and Intervenor are amenable to mediation. Plaintiff is indigent and will need to use the services of the Bexar County Dispute Resolution Center. Intervenor and Defendant may propose the use of a different mediator and in that event would agree to split the cost of the mediation between them. Defendant is amenable to mediation with Plaintiff in the event Plaintiff demonstrates she suffered damages under the facts and law of this case.

Respectfully submitted,

RILEY & RILEY
Attorneys at Law

BY /s/ Charles Riles

CHARLES RILEY

SBN: 24039138
320 Lexington Avenue
San Antonio, Texas 78215
(210) 225-7236 Telephone

6

(210) 227-7907 Facso,o;e
charlesriley@rileylawfirm.com
Attorney for Intervenor

TEXAS RIO GRANDE LEGAL AID, INC.
1111 N. Main Ave.
San Antonio, Texas 78212
Telephone: (210) 212-3722
Facsimile: (210) 227-4321

By: /s/ Ricardo A. Roman
RICARDO A. ROMAN
State Bar No. 17222400
rroman@trla.org
Attorney for Plaintiff

HOBLIT DARLING RALLS
HERNANDEZ & HUDLOW LLP

6243 IH 10 West, Suite 601
San Antonio, Texas 78201
Telephone: (210) 224-9991
Facsimile: (210) 226-1544

BY: /s/ N. Mark Ralls
N. MARK RALLS
Texas Bar No. 16489200
Email: mralls@hdr-law.com
JAMES J. LEECH
State Bar No. 24070131
Email: jleech@hdr-law.com
HARRISON C. FISHER
State Bar No. 24095498
Email: hfisher@hdr-law.com